UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-20397-Civ-LENARD
                              MAGISTRATE JUDGE P. A. WHITE

RONALD CHOUINARD,               :

        Petitioner,             :

v.                              :           REPORT OF
                                          MAGISTRATE JUDGE
UNITED STATES BUREAU OF
PRISONS,                        :

        Respondent.             :
_____

        Ronald Chouinard was a federal prisoner confined at the local
Federal Detention Center when he filed this pro se petition for
writ of habeas corpus pursuant to 28 U.S.C. §§2241-43, contending
that he was being unlawfully detained without a warrant or charges.

        By the time the government filed its response to the order to
show cause [DE 6], Chouinard had been transported to Dodge City,
Wisconsin, where he was being held on eight counts of failure to
pay child support. According to information available at
http://www.bop.gov/, the website of the Federal Bureau of Prisons,
Chouinard was released from incarceration on February 18, 2008.
Since Chouinard is no longer incarcerated, issues relating to the
lawfulness of the fact or duration of his confinement have become
moot.

        An action that no longer presents a justiciable case or con-
troversy within the meaning of Article III is moot. Ashcroft v.
Mattis, 431 U.S. 171, 172-73 (1977).  A case is moot when the
issues presented are no longer "live" or the parties lack a legally
cognizable interest in the outcome of the litigation, such as where
there is no reasonable expectation that the violation will occur

again or where interim relief or events have eradicated the effects of the alleged violation. <u>County of Los Angeles v. Davis</u>, 440 U.S. 625, 631 (1979); <u>Church of Scientology Flag Service Org.</u>, <u>supra</u>, at 604, n. 21.

Because a habeas corpus application challenges prison officials' authority to keep a prisoner in custody, the petitioner's release generally moots the habeas claim. <u>Lane v. Williams</u>, 455 U.S. 624 (1982). In the context of a §2241 application challenging the fact or duration of confinement, future collateral consequences flowing from the incarceration are not presumed. <u>Spencer v. Kemna</u>, 523 U.S. 1 (1998); <u>compare</u> <u>Carafas v. LaVallee</u>, 391 U.S. 234 (1968)(§2254 petition is not mooted by release from incarceration where conviction will cause future consequences).

In this case, Chouinard implicitly sought release from confinement. Because he is no longer incarcerated, the court can no longer provide him with that relief. At this juncture, any contention that Chouinard might someday suffer some adverse consequence as the result of the disciplinary proceeding he challenges here is too speculative to give rise to a case or controversy. <u>Spencer</u>, <u>supra</u> at 7-8; <u>see also</u>, <u>Bailey v. Southerland</u>, 821 F.2d 277 (5 Cir. 1987)(holding a habeas challenge to a prison disciplinary infraction moot after prisoner was released); <u>Adair v. Dretke</u>, 150 Fed.Appx. 329 (5 Cir. 2005)(peititoner had no claim that he might be harmed in the future by results of prison disciplinary proceedings following his release); <u>United States ex rel. Graham v. United States Parole Commission</u>, 732 F.2d 849 (11 Cir. 1984)(challenge to parole regulation mooted by release on parole).

For the foregoing reasons, it is recommended that this application for habeas corpus relief be dismissed, as moot.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 24th day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Ronald Chouinard, pro se
     Reg. No. 09239-089
     Dodge County Detention Facility
     216 W. Center Street
     Juneau, WI 53039-1071
     (last address of record)

     Scott E. Ray, AUSA
     U.S. Attorney's Office
     99 N.E. 4th Street
     Miami, FL 33132